**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

| | |
|---|---|
| PAUL JORDAN,<br><br>        Petitioner,<br><br>        v.<br><br>X. CANO, Warden,<br><br>        Respondent. | NO. CV 16-04975-JVS (AS)<br><br>**ORDER ACCEPTING FINDINGS,**<br>**CONCLUSIONS AND RECOMMENDATIONS OF**<br>**UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. section 636, the Court has reviewed the Petition, all of the records herein and the attached Report and Recommendation of United States Magistrate Judge. After having made a *de novo* determination of the portions of the Report and Recommendation to which objections were directed, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge.[1]

---

[1] Petitioner contends that the Magistrate Judge's finding that "[Petitioner] did ultimately accuse Deputy Sumner of lying" is inconsistent with her finding that the "California Court of Appeal properly found that, since Petitioner did not testify that Deputy Sumner was lying, his credibility was not diminished by the prosecutor's question about whether Deputy Sunmner (sic) was lying." Objections at 10-11. The Report and Recommendation explained that the California

IT IS ORDERED that Judgment be entered denying and dismissing the Petition with prejudice.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order, the Magistrate Judge's Report and Recommendation and the Judgment herein on counsel for Petitioner and counsel for Respondent.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: March 20, 2017.

_____
JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

---

Court of Appeal acknowledged that while Petitioner did ultimately accuse Deputy Sumner of lying, it was *not* in response to a question from the prosecutor and Petitioner's counsel did not object to the answer as nonresponsive or request that the answer be stricken. Therefore, any diminution of Petitioner's credibility (from testimony accusing another witness of lying) was self-inflicted. Report and Recommendation at 41-42. The California Court of Appeal also noted that, even if the prosecutor's questions were designed to elicit such testimony from Petitioner, there was "no reasonable probability that Petitioner would have obtained a more favorable outcome in the absence of the questions," given the overwhelming evidence of Petitioner's guilt presented at trial. The Report and Recommendation found that, "viewed in the context of the entire trial record, the prosecutor's improper questions to Petitioner about the veracity of Deputy Sumner's testimony did not infect the trial with unfairness." Report and Recommendation at 46. The Court concurs with this finding.

2